FILED

2012 JAN 19 PM 3: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2011 Grand Jury

CR No. 12 00061

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THOMAS MARSHALL, aka "T-Mac," MICHAEL WILLIAMS, VERONICA NIKO, MAO NIKO, and MIKE NIKO, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) ) ) ) |

I N D I C T M E N T

[18 U.S.C. § 286: Conspiracy
to Defraud the United States
with Respect to Claims; 18
U.S.C. § 287: False Claims to
Internal Revenue Service; 18
U.S.C. §§ 1030(a)(2)(C),
(c)(2)(B)(ii): Unauthorized
Access to a Protected
Computer; 42 U.S.C.
§ 408(a)(8): Unlawful
Disclosure of a Social
Security Number; 18 U.S.C.
§ 1028(a)(7): Transfer/Use of
Means of Identification to
Commit Unlawful Activity

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 286]

A.   INTRODUCTORY ALLEGATIONS

1.    At all times relevant to this Indictment, defendant
THOMAS MARSHALL, also known as ("aka") "T-Mac" ("defendant
MARSHALL"), and defendant VERONICA NIKO were residents of
Lancaster, California, in Los Angles County.

2.   At all times relevant to this Indictment, defendant MICHAEL WILLIAMS ("defendant WILLIAMS") was a resident of, among other places, Littlerock, California, in Los Angeles County.

3.   At all times relevant to this Indictment, defendant MAO NIKO was a resident of, among other places, Gardena, California, in Los Angeles County.

4.   At all times relevant to this Indictment, defendant MIKE NIKO was a resident of Carson, California, in Los Angeles County.

5.   At all times relevant to this Indictment, the First Time Homebuyer Credit was a tax credit for individuals and couples who purchased a new home between April 9, 2008, and April 30, 2010.

     a.   For homes purchased between April 9 and December 31, 2008, the credit was worth up to $7,500; had to be repaid, interest-free, over the course of 15 years; and was available only to "first-time homebuyers," that is, taxpayers who had not owned a principal residence at any time during the three years prior to the date of purchase.

     b.   For homes purchased between January 1 and November 6, 2009, the credit was worth up to $8,000; generally did not have to be repaid; and was also available only to "first-time homebuyers."

6.   At all times relevant to this Indictment, the Earned Income Credit was a tax credit for individuals and families with low to moderate earned income.  The amount of the credit varied depending on the taxpayer's filing status, the amount of income earned by the taxpayer, and the number of qualifying dependent

1    children.  For 2007, the maximum amount of earned income credit

2    that could be claimed was $4,536.  The maximum earned income

3    credit for 2008 was $4,824.  The maximum for 2009 was $5,657.

4    B.    THE OBJECT OF THE CONSPIRACY

5        7.    Beginning in or about May 2008, and continuing

6    through in or about July 2010, in Los Angeles County, within the

7    Central District of California, and elsewhere, defendants

8    MARSHALL, WILLIAMS, VERONICA NIKO, MAO NIKO, and MIKE NIKO,

9    together with others known and unknown to the Grand Jury,

10    knowingly combined, conspired, and agreed to defraud the United

11    States by filing false, fictitious, and fraudulent claims,

12    namely, tax returns, and obtaining, and aiding the obtaining of,

13    false, fictitious, and fraudulent tax refund payments.

14    C.    THE MANNER AND MEANS OF THE CONSPIRACY

15        8.    The object of the conspiracy was carried out, and to be

16    carried out, in substance, as follows:

17        a.    Defendant VERONICA NIKO would improperly obtain

18    the personal identifying information of various individuals,

19    including names and Social Security Numbers ("SSNs"), from the

20    computer system of the California Department of Public Social

21    Services ("DPSS"), where she was employed, and would provide such

22    identifying information to defendant MARSHALL.

23        b.    Defendant MARSHALL, using the name "T-Mac," would

24    provide the names and SSNs that he obtained from defendant

25    VERONICA NIKO and from other sources to other co-conspirators,

26    including K.M.S., for the purpose of allowing these other co-

27    conspirators to file with the Internal Revenue Service ("IRS")

28    false, fictitious, and fraudulent tax returns claiming the First

1    Time Homebuyer Credit and/or Earned Income Credit, even though

2    the individuals on whose behalf the returns were filed did not

3    authorize or know about the filing of such returns and, but for

4    the false information contained in the returns, were not in fact

5    entitled to receive those tax credits.

6              c.   With encouragement from defendant MARSHALL,

7    defendants WILLIAMS, MAO NIKO, and MIKE NIKO, and others known

8    and unknown to the Grand Jury, would establish bank accounts

9    purporting to be tax preparers, such as the "Williams Tax

10   Services" account, the "Mao Niko Tax Services" account, and the

11   "Mike Sesala Niko DBA Niko Tax Service" account, for purposes of

12   receiving refunds from the false tax returns.

13             d.   Defendants WILLIAMS, MAO NIKO, and MIKE NIKO would

14   receive into these bank accounts the fraudulently-obtained tax

15   refunds that K.M.S. and other co-conspirators had directed the

16   U.S. Treasury to deposit into such accounts.  Defendants MICHAEL

17   WILLIAMS, MAO NIKO, and MIKE NIKO would keep a portion of the

18   fraudulently-obtained tax refunds for their personal benefit, and

19   would return a portion to defendant MARSHALL and to other co-

20   conspirators known and unknown to the Grand Jury.

21             e.   For each fraudulently-filed tax return that

22   resulted in a refund and was created based on identity

23   information that defendant MARSHALL provided to co-conspirator

24   K.M.S., defendant MARSHALL would pay co-conspirator K.M.S.

25   between $1,000 and $2,000.

26   / / /

27   / / /

28   / / /

COUNT TWO

[18 U.S.C. §§ 287, 2(b)]

9.   The Grand Jury re-alleges paragraph one and two of this Indictment as if fully set forth herein.

10.   On or about July 14, 2009, in Los Angeles County, within the Central District of California, defendant THOMAS MARSHALL made and presented, and willfully caused to be made and presented, to the Internal Revenue Service, an agency of the United States, a false, fictitious, and fraudulent claim upon the United States, that is, a 2008 federal income tax return on behalf of taxpayer Y.A., falsely claiming am $8,000 refund based upon the First Time Homebuyer Credit, knowing that the claim was false, fictitious, and fraudulent in that Y.A. did not authorize the filing of such return and the return falsely claimed that Y.A. was a "first-time homebuyer" when Y.A. was not.

COUNT THREE

[18 U.S.C. §§ 287, 2(b)]

11.   The Grand Jury re-alleges paragraph one and two of this Indictment as if fully set forth herein.

12.   On or about July 22, 2009, in Los Angeles County, within the Central District of California, defendant THOMAS MARSHALL made and presented, and willfully caused to be made and presented, to the Internal Revenue Service, an agency of the United States, a false, fictitious, and fraudulent claim upon the United States, that is, a 2008 federal income tax return on behalf of taxpayer D.W. falsely claiming a $4,496 refund based upon the Earned Income Credit, knowing that the claim was false, fictitious, and fraudulent in that D.W. did not authorize the filing of such return and the return falsely claimed that D.W. had $15,200 in earned income 2008, when she did not work and had no earned income.

COUNT FOUR

[18 U.S.C. §§ 287, 2(b)]

13.  The Grand Jury re-alleges paragraph one and two of this Indictment as if fully set forth herein.

14.  On or about July 29, 2009, in Los Angeles County, within the Central District of California, defendant THOMAS MARSHALL made and presented, and willfully caused to be made and presented, to the Internal Revenue Service, an agency of the United States, a false, fictitious, and fraudulent claim upon the United States, that is, a 2008 federal income tax return on behalf of taxpayer S.B., falsely claiming a $8,000 refund based upon the First Time Homebuyer Credit, knowing that the claim was false, fictitious, and fraudulent in that S.B. did not authorize the filing of such return and the return falsely claimed that S.B. was a "first-time homebuyer" when S.B. was not.

COUNT FIVE

[18 U.S.C. §§ 287, 2(b)]

15.  The Grand Jury re-alleges paragraph one and two of this Indictment as if fully set forth herein.

16.  On or about August 3, 2009, in Los Angeles County, within the Central District of California, defendant THOMAS MARSHALL made and presented, and willfully caused to be made and presented, to the Internal Revenue Service, an agency of the United States, a false, fictitious, and fraudulent claim upon the United States, that is, a 2008 federal income tax return on behalf of taxpayer C.O., falsely claiming an $8,000 refund based upon the First Time Homebuyer Credit, knowing that the claim was false, fictitious, and fraudulent in that C.O. did not authorize the filing of such return and the return falsely claimed that C.O. was a "first-time home buyer" when C.O. was not.

COUNT SIX

[18 U.S.C. §§ 287, 2(b)]

17.  The Grand Jury re-alleges paragraph one and two of this Indictment as if fully set forth herein.

18.  On or about February 19, 2009, in Los Angeles County, within the Central District of California, defendant THOMAS MARSHALL made and presented, and willfully caused to be made and presented, to the Internal Revenue Service, an agency of the United States, a false, fictitious, and fraudulent claim upon the United States, that is, a 2008 federal income tax return on behalf of taxpayer M.V., falsely claiming a $5,859 refund based upon the Earned Income Credit, knowing that the claim was false, fictitious, and fraudulent in that M.V. did not authorize the filing of such return and the return falsely claimed two individuals as dependent children who were not M.V.'s true dependent children.

COUNT SEVEN

[18 U.S.C. §§ 287, 2(b)]

19.  The Grand Jury re-alleges paragraph one and two of this Indictment as if fully set forth herein.

20.  On or about August 12, 2009, in Los Angeles County, within the Central District of California, defendant THOMAS MARSHALL made and presented, and willfully caused to be made and presented, to the Internal Revenue Service, an agency of the United States, a false, fictitious, and fraudulent claim upon the United States, that is, a 2008 federal income tax return on behalf of taxpayer T.P., falsely claiming a $7,472 refund based upon the First Time Homebuyer Credit, knowing that the claim was false, fictitious, and fraudulent in that T.P. did not authorize the filing of such return and the return falsely claimed that T.P. was a "first-time homebuyer" when T.P. was not.

COUNT EIGHT

[18 U.S.C. §§ 287, 2(b)]

21.  The Grand Jury re-alleges paragraph one and two of this Indictment as if fully set forth herein.

22.  On or about October 15, 2009, in Los Angeles County, within the Central District of California, defendant THOMAS MARSHALL made and presented, and willfully caused to be made and presented, to the Internal Revenue Service, an agency of the United States, a false, fictitious, and fraudulent claim upon the United States, that is, a 2008 federal income tax return on behalf of taxpayer C.L., falsely claiming an $8,000 refund based upon the First Time Homebuyer Credit, knowing that the claim was false, fictitious, and fraudulent in that C.L. did not authorize the filing of such return and the return falsely claimed that C.L. was a "first-time home buyer" when C.L. was not.

COUNTS NINE THROUGH ELEVEN

[18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i)]

23.  On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant VERONICA NIKO, while employed by the California Department of Public Social Services Social Security Administration ("DPSS"), knowingly and intentionally accessed without authorization and in excess of authorization, and thereby obtained information, namely, the name and Social Security Number of each victim named below, from a protected computer, as that term is defined in Title 18, United States Code, Section 1030(e)(2)(B), namely, a DPSS computer with access to the DPSS LEADER system database, for purposes of commercial advantage and private financial gain and in furtherance of a criminal act in violation of the laws of the United States and of any State, namely, Conspiracy to Defraud the United States with Respect to Claims, in violation of Title 18, United States Code, Section 286; Unauthorized Access to Computers, in violation of California Penal Code Section 502(c)(2); and Unauthorized Use of Personal Identifying Information, in violation of California Penal Code Sections 530.5(a) and (d)(1):

| COUNT: | DATE: | VICTIM: |
|---|---|---|
| NINE | July 10, 2009 | Y.A. |
| TEN | July 21, 2009 | C.O. |
| ELEVEN | October 14, 2009 | C.L. |

COUNTS TWELVE THROUGH FOURTEEN

[42 U.S.C. § 408(a)(8)]

24.  On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant VERONICA NIKO, while employed by the California Department of Public Social Services Social Security Administration, disclosed and used the Social Security Number of each victim named below, in violation of the laws of the United States, namely, Unauthorized Access to a Protected Computer, in violation of Title 18, United States Code, Section 1030(a)(2)(C):

| COUNT: | DATE: | VICTIM: |
|---|---|---|
| TWELVE | July 10, 2009 | Y.A. |
| THIRTEEN | July 21, 2009 | C.O. |
| FOURTEEN | October 14, 2009 | C.L. |

COUNT FIFTEEN THROUGH SEVENTEEN

[18 U.S.C. §§ 1028(a)(7)]

25.  On or about the dates set forth below, in Los Angeles County, within the Central District of California, in transactions affecting interstate and foreign commerce, defendants THOMAS MARSHALL and VERONICA NIKO, without lawful authority, knowingly transferred, possessed and used means of identification, namely, the name and Social Security Number of each victim named below, with the intent to commit and to aid and abet unlawful activity, namely, Conspiracy to Defraud the United States with Respect to Claims, in violation of Title 18, United States Code, Section 286; False Claims to the Internal Revenue Service, in violation of Title 18, United States Code, Section 287, and Unauthorized Use of Personal Identifying Information, in violation of California Penal Code Sections 530.5(a) and (d)(1), and by such conduct obtained something of value aggregating at least $1,000 during a one-year period:

/ / /

/ / /

/ / /

| COUNT: | DATE: | VICTIM: |
|---|---|---|
| FIFTEEN | July 10, 2009 | Y.A. |
| SIXTEEN | July 21, 2009 | C.O. |
| SEVENTEEN | October 14, 2009 | C.L. |

A TRUE BILL

_____/S/_____
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

Donny c. kim
Dep. Chief, Crim. Div. For :
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

BEONG-SOO KIM
Assistant United States Attorney
Chief, Major Frauds Section

RANEE KATZENSTEIN
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KERI CURTIS AXEL
Assistant United States Attorney
Major Frauds Section